UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. WERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01538-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Marques Butler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 19, 2012.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

1  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
2  (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the
3  deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
4  1011, 1020-1021 (9th Cir. 2010).

5        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
10 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
11 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
13 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

16       On or about January 12, 2012, while housed at Pleasant Valley State Prison (PVSP) on "C"
17 facility yard building "C2," Plaintiff was in the "A" section dayroom when Montano announced over
18 the intercom, "Butler your program time is over go lock it up."

19       Plaintiff approached the control tower window and requested to speak with officer Montano.
20 As Montano approached the window, Plaintiff explained "Counselor Hill, Captain Shannon, and
21 correctional officer Barajas informed me that my program time is from 1:00 p.m. to 3:00 p.m.,
22 Monday through Friday, and it is only 2:30."  He had just come in from yard and was next in line for
23 shower, and advised Montano that he would "lock it up" as soon as he was finished which would be
24 before 3:00 p.m.  Montano replied, "I don't give a fuck what they told you, I'm telling you to go
25 home."

26       Plaintiff turned to talk with Stratton, who was approximately five feet away, and asked her to
27 speak to Montano and explain to him Plaintiff's program time.  At this same time, Wern walked out of
28 his office and told Plaintiff to go with him to the podium.

1  Plaintiff and Stratton walked about ten to fifteen feet to the podium, where Wern and John Doe 1 were standing.  Plaintiff attempted to explain what was going on between himself and Montano and explained to the defendants that his program time was not over until 3:00 p.m. and it was only 2:35 p.m.

Plaintiff requested that Stratton explain to the other officers his program time, and she stated, "I told you earlier I was not sure what C-status program time is now, but I believe it is between 1:30 and 3:30 p.m., I will check it out for you, but I have not had the time to check on it, but you need to go lock it up."  Plaintiff replied, "Because you told Deshazo you thought the program time was between 1:30 and 3:30, he told me to lock it up when the program opened at 1:00, he told officer Hernandez to open my door at 1:30 for yard which he did and I was released, I just talked to officer Barajas when I was on the yard since she deals with C-status and asked what the program time was to double check."  Officer Barajas told Plaintiff, "C-status program time is from 1:00 p.m. to 3:00 p.m. but if you want your shower you make sure you [are] in your building at the 2:30 [to] get in the shower if you want but make sure you are in your cell by 3:00.  Here it is one hour later [and] you are telling me to lock it up because you are still not sure, can you please call over to program office and check for yourself to see I'm not lying to you?"

Stratton replied in an angry aggressive voice while pointing her finger at Plaintiff stating, "I know you are not telling me how to do my job."  Plaintiff replied, "no I'm not telling you how to do your job because all of you should have been trained.  I'm stating to you for what you told me earlier [sic] and what I was told by other officers including Captain Shannon, and you know I have not had my full two hours of program yet, [you all] are depriving me of my right and I have not done anything."

Wern interrupted and told Plaintiff, "your ass don't have any rights on my watch go lock it up!"  Plaintiff then walked to receive his belongings from the shower area which is located behind the podium about fifteen to twenty feet away.  Plaintiff then began walking back to his cell and asked the officers at the podium, "will I be able to take a shower later on?"

///

///

3

Wern stated, "shut the fuck up and take your ass to your cell because I'm about to get ready to take you over to the program office myself." Plaintiff then responded, "go ahead then because I would like to talk to your sergeant." Wern replied, "turn your ass around then and cuff up."

Plaintiff turned around and dropped his belongings and freely placed his hand behind his back without any resistance. Wern grabbed Plaintiff's right wrist and stated, "better yet," and without any warning twisted and pulled plaintiff's right arm beyond a hammer lock grip and then proceeded to forcefully walk plaintiff back to his cell along with the assistance of John Doe 1, while Stratton and Montano observed the incident.

While in agony, Plaintiff begged Wern to loosen his grip, but Wern stated, "I told you you will regret it." Plaintiff then asked John Doe 1 to ask Wern to loosen the grip, to which he stated "maybe you'll listen next time."

As Wern and John Doe 1 approached Plaintiff's cell, Montano opened the cell door and Wern shoed Plaintiff inside his cell and stated, "If you don't like it write up. I'll take my chances." Wern and John Doe 1 then walked off.

Approximately five minutes later, Montano opened the cell door and stated "lock it back up at 3:00." Plaintiff walked back to the correctional officer's office and informed Wern and John Doe 1 that he needed to see a nurse because he was experiencing excruciating pain in his right shoulder and arm. Wern while observing Plaintiff in obvious pain stated, "you['re] not bleeding and you['re] not dying, so I'm not sending you to the clinic, you better go fill out a medical form and close my door." John Doe 1 sat in the office and smiled at Plaintiff.

### III.
### DISCUSSION

**A.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per

4

curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

1. Defendants Wern and John Doe 1

Based on Plaintiff's allegations in the complaint, he states a cognizable claim for excessive force against Defendants Wern and John Doe 1.

2. Defendants Stratton and Montano

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004).

Based on Plaintiff's allegations in the complaint, he states a cognizable claim against Defendants Stratton and Montano for failing to intervene during the use of force.

**B.    Deliberate Indifference to Serious Medical Need**

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due

care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Viewing Plaintiff's allegations liberally, he states a cognizable claim against Defendants Wern and John Doe 1 for deliberate indifference to a serious medical need.

### C. Supervisory Liability

Plaintiff names Warden James Yates, as a Defendant in this action. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Yates. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Wern, John Doe 1, Stratton, and Montano for excessive force and against Defendants Wern and John Doe 1 for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

///

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendants Wern and John Doe 1, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff four (4) summons and four (4) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

7

In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Wern, John Doe 1, Stratton, and Montano for excessive force and against Defendants Wern and John Doe 1 for deliberate indifference to a serious medical need; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 20, 2013**

UNITED STATES MAGISTRATE JUDGE