UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>R. WERN, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:12-cv-01538-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 29] |

　　　　Plaintiff Marques Butler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 12, 2015, Plaintiff filed a motion to compel.  (ECF No. 29.)  Defendant filed an opposition on January 27, 2015.

　　　　Plaintiff seeks an order compelling Defendant Stratton to answer Plaintiff's first set of interrogatories, numbers one through twenty-five, allegedly served on September 8, 2014.  (ECF No. 29.)

　　　　In opposition, defense counsel declares that no such discovery request was received by Defendant Stratton's counsel until attached to the aforementioned motion to compel filed in this Court on January 12, 2015.  (ECF No. 30, Braxton Decl. at ¶ 4.)   If counsel had received Plaintiff's discovery request, he would have responded in a timely fashion.  (Id.)

1

Defense counsel declares that Plaintiff served Defendant Montano with a First Set of Interrogatories on September 9, 2014, which was the only set of discovery received from Plaintiff at that time. After requesting and receiving an extension of time, Defendant Montano responded to Plaintiff's discovery request on November 5, 2014.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. . . . if a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(iii).

In his present motion, although Plaintiff contends that he submitted the interrogatories to Defendant Stratton on September 8, 2014, and attaches a copy of said interrogatories, his request for interrogatories does not contain a proof of service indicating that he served the discovery requests on Defendant Stratton. Nor has Plaintiff verified or submitted any independent evidence such as a declaration establishing that he properly served Defendant Stratton with his request for interrogatories. Accordingly, because Plaintiff has failed to demonstrate service of the interrogatories, there is no basis on which to grant his motion to compel. See, e.g., Palmer v. Crotty, No. 1:07-cv-00148-LJO-DLB PC, 2010 WL 4279423 at *1 (E.D. Cal. Oct. 22, 2010) (denying motion to compel because plaintiff failed to submit any evidence that he served discovery requests on defendant); Rider v. Yates, No. 1:07-cv-01516-SMS PC, 2010 WL 492697 at *1 (E.D. Cal. Feb. 5, 2010) (burden is on the moving party to provide the court with information necessary to make a ruling, including proof of service for discovery requests particularly when defendants contend they were not properly served).

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE