UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>    Plaintiff,<br><br>    v.<br><br>R. WERN, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01538-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT R. WERN SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>[ECF No. 28] |

Plaintiff Marques Butler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Wern, Stratton, and Montano for excessive force and against Defendant Wern for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]

Defendants Stratton and Montano waived service and made appearance in this action. The Marshal has not been able to locate and serve Defendant Wern, however.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

[if] a defendant is not served within 120 days after the complaint is filed, the court—on

---

[1] Plaintiff also stated a cognizable claim against "John Doe 1" for excessive force and deliberate indifference. However, this Doe defendant has not been identified or served.

1

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause…." Id. at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-1422.

Here, the Marshal forwarded the service packet to California State Prison, in Coalinga, California, which was forwarded to the special investigator who was unable to identify or locate Defendant R. Wern. Personal serve was attempted on November 5, 2014, and November 25, 2014, however, it was noted "new tenants" and there was no forwarding address. (ECF No. 28.) Plaintiff shall be provided with an opportunity to show cause why Defendant Wern should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Wern shall be dismissed from this action.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Within **thirty (30)** days from the date of service of this order, Plaintiff shall show cause why Defendant Wern should not be dismissed from this action; and

///

2

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Wern from this action.

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE