UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STRATTON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01538-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR MODIFICATION OF THE SCHEDULING ORDER AND DENYING MOTION FOR SUMMARY JUDGMENT AS UNTIMELY<br><br>[ECF Nos. 49, 50] |

　　　　Plaintiff Marques Butler is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This case is proceeding on Plaintiff's claim under the Eighth Amendment against Defendants Stratton and Montano.[1]  On May 7, 2014, Defendants Stratton and Montano filed an answer to the complaint, and a discovery and scheduling order was issued on May 8, 2014, setting the deadline for filing of all dispositive motions by March 19, 2015.  (ECF Nos. 17, 18.)

　　　　After the dispositive motion deadline expired and Defendants did not file a dispositive motion, the Court issued the second scheduling order setting this case for trial.  Trial is currently set before the

---

[1] Defendant Wern was dismissed the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure on August 4, 2015.  (ECF No. 39.)

1

1  Honorable Dale A. Drozd on May 3, 2016, and a settlement conference is scheduled for February 22,
2  2016, before Magistrate Judge Grosjean.  (ECF Nos. 40, 45.)

3  Now pending before the Court is Plaintiff's motion for modification of the scheduling order
4  and leave to file a motion for summary judgment, filed January 25, 2016.  (ECF No. 49.)  Defendants'
5  motion shall be denied.

6  Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only
7  for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The district court may modify
8  the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the
9  extension."  Id.  "A scheduling order is not a frivolous piece of paper, idly entered, which can be
10 cavalierly disregarded by counsel without peril."  Id. at 610. (citation and quotations omitted).  The
11 "good cause" standard "primarily considers the diligence of the party seeking the amendment."
12 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking
13 modification of the scheduling order, "was not diligent, the inquiry should end."  Id. "[C]arelessness is
14 not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.

15 As an initial matter, the scheduling order of May 8, 2014, specifically advised the parties that
16 "[a] request for an extension of a deadline set in this order must be filed on or before the expiration of
17 the deadline in question and will only be granted on a showing of good cause."  (ECF No. 18, Order at
18 3:1-2.)  In their request, counsel for Defendants explains that the motion was filed late because he
19 "reevaluated the suitability of this matter for summary judgment, and based upon the physical
20 locations of Plaintiff and the Defendants at the time of the alleged use of force upon which this case is
21 based, as well as the layout of the housing unit where the alleged incident took place, determined a
22 motion for summary judgment would be appropriate.  (Braxton Decl., ¶ 4.)  The Court finds that
23 Defendants' request for an extension of time is not supported by good cause, given the record in this
24 case.  Defendants have not been diligent in seeking the requested relief.  Defendants waited
25 approximately ten months after the dispositive motion deadline expired, and approximately five
26 months after the case was set for trial (and now settlement conference) before attempting to file a
27 dispositive motion.  In addition, nothing before the Court (beyond further research and interviews)
28 suggests that Defendants' were unaware or could not have discovered the logistical layout of the

housing unit where the incident allegedly took place prior to the expiration of the dispositive motion deadline. In addition, the Court makes note of the fact that Deputy Attorney General, Jason Braxton, has on at least two prior occasions, waited until after the dispositive motion deadline expired and the case is set for settlement conference to attempt to file an untimely dispositive motion. See 1:12-cv-01694-AWI-SAB (PC) (dispositive motion deadline expired March 30, 2015, trial scheduled for January 5, 2016, settlement conference scheduled for November 13, 2015, and dispositive motion filed November 10, 2015) and 1:12-cv-02076-LJO-EPG (PC) (dispositive motion deadline expired February 9, 2015, settlement conference set for December 11, 2015, and dispositive motion filed on December 10, 2015.)  Such practice by Mr. Braxton appears to go beyond the specific factual and/or legal circumstances of each case and will not be condoned. Such efforts are wasting limited judicial resources of the Court and especially the district judges who are severally impacted with civil and criminal cases.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that:

1. Defendants' motion for modification of the scheduling order and leave to file a motion for summary judgment is DENIED; and

2. Defendants' motion for summary judgment filed on January 25, 2016, is DENIED as untimely.

IT IS SO ORDERED.

Dated:   **January 26, 2016**

_____
UNITED STATES MAGISTRATE JUDGE